UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EARL DOUGLAS WOODS, JR., | Case No. 2:23-cv-01253-MC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| RICKIE STRACK, | |
| Defendant. | |

MCSHANE, Chief Judge.

Plaintiff, a self-represented adult in custody (AIC) at the Eastern Oregon Correctional Institution (EOCI), filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Defendant now moves for summary judgment. Plaintiff fails to present evidence that Defendant recklessly disregarded a known risk to Plaintiff's health, and Defendant's motion is GRANTED.

1   - OPINION AND ORDER

## BACKGROUND

In April 2020, Plaintiff suffered a cardiac arrest while incarcerated at EOCI and was transported to a local hospital for treatment. Cardiologist Ken Curry, M.D., performed surgery on Plaintiff and implanted a Cardioverter-Defibrillator (ICD).

In December 2020, Plaintiff had a refillable, thirty-day prescription for Metoprolol, a medication for his heart condition, with a discontinuance date of December 4, 2021. Henderson Decl. Ex. 1 at 24. Plaintiff was authorized to take medication in his cell and he was responsible for notifying the EOCI pharmacy when he needed refills. *Id.* Ex. 5 at 5. From December 2020 to July 2021, Plaintiff refilled his Metoprolol prescription only two times, on December 16, 2020 and March 9, 2021. *Id.* Ex. 1 at 1, 14, 24 (EOCI pharmacy records).

On July 22, 2021, Plaintiff was seen by Defendant, a nurse practitioner. Henderson Decl. Ex. 3 at 1. Plaintiff complained that Metoprolol made him "feel woozy" and so "fatigued" that he could not "do anything." *Id.*; Strack Decl. ¶ 9. Defendant explained to Plaintiff that not taking his medication was very dangerous in light of his heart condition. Henderson Decl. Ex. 3 at 1; Strack Decl. ¶ 11. Defendant recommended that Plaintiff take Metoprolol as prescribed for two months and then return for a follow-up visit to discuss potential alternatives. Strack Decl. ¶ 13. Plaintiff agreed, and Defendant discontinued Plaintiff's existing prescription and ordered a new prescription of Metoprolol with beginning date of July 21, 2021 and a discontinuance date of September 29, 2021. Henderson Decl. Ex. 1 at 1; Strack Decl. ¶ 14. Defendant also ordered a consultation with Dr. Curry at Kadlec Cardiology for follow-up treatment recommendations. Henderson Decl. Ex. 4 at 2; Strack Decl. ¶ 16.

On July 27, 2021, Plaintiff's Metoprolol prescription was filled. Strack Decl. ¶ 15; Henderson Decl. Ex. 1 at 1.

2   - OPINION AND ORDER

On August 11, 2021, at the request of Kadlec Cardiology, Defendant cancelled the consultation request. Strack Decl. ¶ 17; Henderson Decl. Ex. 4 at 2. Defendant's employment at EOCI ended later that month. Strack Decl. ¶ 7.

Plaintiff did not refill his Metoprolol prescription in August 2021 and the prescription apparently was not renewed when it expired at the end of September 2021.

On November 11, 2021, Plaintiff suffered a ventricular fibrillation episode and his ICD administered a corrective shock. Am. Compl. at 6-7. Plaintiff was transported to St. Anthony Medical Center for further evaluation, and Dr. Curry subsequently renewed Plaintiff's prescription for Metoprolol. *Id.* at 7.

## **DISCUSSION**

Plaintiff alleges that Defendant exhibited deliberate indifference to his heart condition by discontinuing his Metoprolol prescription without consulting his cardiologist, and that the lapse in his prescription caused the ventricular fibrillation episode in November 2021. Defendant moves for summary judgment and argues that the record fails to show the requisite state of mind to sustain a deliberate indifference claim.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As the moving party, Defendant must present evidence of record, together with affidavits, if any, to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendant meets this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1).

3    - OPINION AND ORDER

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[1] To sustain a claim for deliberate indifference, Plaintiff must present facts showing the existence of "a serious medical need" and that Defendant's "response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citation omitted). A prison official acts with deliberate indifference "only if the [official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe, Nev.,* 290 F.3d 1175, 1187 (9th Cir. 2002). Deliberate indifference may be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096.

Plaintiff argues that Defendant knew he had a serious heart condition and "unreasonably" respond to the risk by "shortening" his Metoprolol prescription by three months. Pl.'s Response

---

[1] Plaintiff's Amended Complaint asserted claims under the Fourteenth and Eighth Amendments. Plaintiff is a convicted prisoner, not a pretrial detainee, and his claim is properly assessed under the Eighth Amendment.

**4    - OPINION AND ORDER**

at 2, 6, 10 (ECF No. 39). Plaintiff argues that Defendant "had no logical reason to trade a longer lasting prescription … for a shorter prescription." *Id.* at 6-7. Plaintiff maintains Defendant should have consulted with Dr. Curry before changing his prescription dates.

Plaintiff must show more than unreasonableness to demonstrate deliberate indifference. Unreasonable conduct is akin to negligent conduct, and a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citation omitted). Instead, Plaintiff must set forth sufficient facts suggesting that Defendant's "course of treatment" "was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk" to Plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc).

Plaintiff does not present evidence plausibly suggesting that Defendant's management of his Metoprolol prescription was medically unacceptable and chosen in conscious disregard of an excessive risk to Plaintiff. The record reflects that Defendant explained the importance of taking medication as prescribed and reordered Plaintiff's Metoprolol prescription for a two-month period, with the intent and understanding that Plaintiff would take his medication as prescribed and follow up in two months. Strack Decl. ¶¶ 9-10, 13-14; Henderson Decl. Ex. 1 at 1. Plaintiff presents no evidence that he requested a refill of his medication in August or September of 2021 or that he requested a follow-up appointment in September 2021.[2] Plaintiff fails to explain why Defendant's approach was medically unacceptable when Plaintiff was authorized to obtain refills

---

[2] The record reflects that Plaintiff sought and received medical treatment for chest pain in August 2021, but it is unclear whether his medications were reviewed or whether his Metoprolol prescription was discussed. *See* Pl.'s Exhibits at 41 (ECF No. 21); Henderson Decl. Ex. 4 at 1. Regardless, Defendant was not involved in Plaintiff's treatment at that time.

5     - OPINION AND ORDER

of his medication and could have requested a follow-up appointment to obtain a renewal of the prescription. Plaintiff cannot blame Defendant for his failure to follow medical advice or to request a refill or renewal of his prescription.

Plaintiff also fails to show that Defendant's discontinuance of the Metoprolol prescription caused Plaintiff harm, i.e., the episode of ventricular fibrillation. Plaintiff presents no evidence that he attempted to refill or renew his Metoprolol prescription and could not do so because of its discontinuance in September 2021. *See generally* Henderson Decl. Ex. 1. Moreover, Plaintiff admits that no health care provider stated that the failure to take Metoprolol caused the episode of ventricular fibrillation. Henderson Decl. Ex. 5 at 6. Instead, Plaintiff relies on the fact that Dr. Curry renewed his Metoprolol prescription in November 2021, and that fact is insufficient to establish that Defendant's conduct caused harm.

Accordingly, Plaintiff cannot sustain a deliberate indifference claim against Defendant.

## CONCLUSION

For the reasons explained above, Defendants' Motion for Summary Judgment (ECF No. 36) is GRANTED and this action is DISMISSSED. Any appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 9th day of June, 2025.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

**6    - OPINION AND ORDER**